Good morning. Welcome to day two of this week's sitting. As I told the assembled masses yesterday, you'll see Judge Luck and me here on the bench. Judge Choflat, who is on this panel, felt a little under the weather yesterday, so he's gone back to Jacksonville. He's going to listen to the oral arguments after the fact, and then we'll conference with Judges Luck and me about the resolution. But so, as you're talking to us, please know that you're talking to him as well. A couple of rules of the road. Number one, most importantly, please know that we've read your stuff. We've read your briefs, the underlying cases, the statutes, the record materials. I think, and I hope you'll see from our questions, we're well acquainted with them. So don't waste your own time with a bunch of factual and procedural ramp up. Just get after it. Number two, you'll understand the traffic light system that we've got here. Green means go. Yellow means slow down. Red, technically, theoretically, means stop. I'm not the kind of guy who's going to cut you off in the middle of a sentence, but we will ask you to begin to bring your remarks to a close. All right, we've got four cases this morning, so let's get going. Number one is 21-1106, United States v. Batson. We've got Ms. Strickland here for the appellant and Mr. Mendel for the appellee. Ms. Strickland, whenever you're ready. Good morning. May it please the Court. The district court in this case imposed a substantively unreasonable sentence because it based Mr. Batson's sentence on an impermissible factor while failing to afford adequate consideration to the relevant factors. In a series of cases, including 2010's Pew and the en banc decision— Can I ask you just a quick question? Yes, sir. Just so I can keep all the categories straight in my own head. I think you just said that there was a substantively unreasonable sentence for two reasons. One, failure to apply the right factors, and two, consideration of an impermissible factor. At least with respect to the former, doesn't that go to procedural reasonableness instead of substantive reasonableness? Your Honor, I believe you're correct that it can. In cases like Gall, the Supreme Court has said that failure to consider the 3553A factors is a procedural issue. So that can be viewed as a procedural issue, but it can also be viewed as a substantive reasonable issue. Because in cases like Pew and Irie and many other cases, this Court has consistently held that a district court abuses its discretion and imposes a substantively unreasonable sentence when it fails to afford adequate consideration to the relevant factors due significant weight, those being the 3553A. Yes, but counsel, those are very different things. Your claim is this judge didn't even consider, think about, talk about, remember the section 3553A factors, right? Yes, Your Honor, that is part of the claim. That's a Gall error, right? That is, to some degree, Gall error. To some degree. I agree that it can be considered procedural error, Your Honor. I think the can is tripping me up and maybe the basis of Judge Newsom's question, although I don't want to speak for him. These categories matter because it may affect where you win or where you don't win. So as I understand it, there are two arguments made. There is you didn't consider the 3553A factors and any relevant factor that goes to it. And then secondly, you consider this impermissible one, which we'll get to in a second, right? Your Honor, I think they also are intertwined to some degree because as to the substantive reasonableness. I know you want to make it mushy, but I don't. So what I want to do is talk about two separate things and claims here. There is claim one that the judge did not argue or consider the 3553A factors, and there is argument two that he considered this impermissible factor about what happened in state court. Isn't that the argument? Your Honor, I can't. I don't agree with that because I do agree with Your Honor that failure to consider the 3553A factors is procedural error, and that is a claim that we have raised. Okay. But we have also raised a substantive reasonableness claim, and I think that's the main claim that we're raising. It is, and it's based on the impermissible factor part of it. We agree there. It is based on the impermissible factor part, but I also believe that the Court not considering the 3553A factors shows that the sentence is, in fact, based on that impermissible factor. So that's why I believe that to a certain degree they are intertwined. All right. So I think we're all in agreement, it sounds like, from that. Okay. So as procedural, I think you're going to have a tough time here because you're in plain error land. Holguin does not apply to procedural errors. It only applies to the substantive objection, and so you're in my mind in plain error land, and I can just speak for myself only. It's going to be really hard for you where there's no indication in the transcript otherwise on the third factor. You know, in Rodriguez, we were clear. If we don't know, if it's unclear, if it's unspoken, the one with the burden loses, and that's you. Your Honor, I have a case that I can point to you, point you to on that. I agree that the procedural reasonableness claim is reviewed for plain error because there was not the specific objection in the district court. But the court has found plain error in a very similar situation, and that's in United States v. CARER, C-A-R-E-R-A-H-E-R. That's 719 Federal Appendix 942. Not in a published case, though, right? That's correct, Your Honor. All right, so let's talk about, to me, the harder question is the Holguin one. So in Holguin, what I understand is the Supreme Court to be saying is, if you're arguing as to just generally the length of the sentence, meaning, you know, my guideline range was, you know, 15 to 21 months, and you sentenced me to 20 years in federal prison, Your Honor, that is a substantively unreasonable sentence. You get to argue that that is substantively unreasonable under a sort of a totality of the circumstances review. But the Supreme Court seemed to carve out specific objections under substantive reasonableness beyond just the general, this is too long. Do you agree with that reading of Holguin? Your Honor, I believe — are you speaking about Justice Alito's concurrence, where he said that — He says in his concurrence — Reserving that. I know what he says in his concurrence. He certainly highlights the issue. But I think even in the text of the majority opinion itself, they seem to indicate that we're talking about one thing, and we're not talking about this other thing. Do you agree with that or not? Your Honor, I don't believe that they decided the other thing. That's right. So I believe they left that open. However, Your Honor, I believe this Court has already decided, and under the prior panel precedent rule, this panel would be bound to stick with that. I would point the Court to a very recent decision, August of 2022, U.S. v. Barrios, B-A-R-I-O-S. And I apologize, I only have the Westlaw citation in front of me. It's 2022 Westlaw 3043014. And there the government argued, as they do here, that the review should be for plain error on a subject — I just want to be clear, that's a published opinion or an unpublished opinion? It's an unpublished opinion. So it can't be a holding that we're bound by. I get that it's persuasive, to the extent that it's persuasive, but that can't be a holding. We're the panel that's going to decide that, because we've set it for an oral argument, and if we publish something, we will decide the issue. That's why we're here. Well, Your Honor, I believe the prior panel precedent rule would bind the Court — No. No. Even an unpublished decision. No. No. Even if it is persuasive authority, Your Honor, there the panel specifically rejected the argument that the government made. All right. Assume for the moment the prior panel opinion isn't as you've suggested, and we are not bound by that decision, and we have to decide that issue. Why would we turn away from all of our precedent — and we have a lot of precedent, as I read it. I can cite you, Brown, Corbett, all in the sentencing context, which say that we need clear, articulable objections to put the district court on notice of the exact error so he or she, the district court judge, could change — could resolve the issue or tell us exactly why the court has decided it the way it has decided it. Why would we create a different rule just in this context? I believe that, Your Honor, as Holguin suggests, you know, it's just different in a substantive reasonableness claim. The trick to me is that it is. I agree with you, that it is just different in a substantive — in what I would call a true substantive reasonableness challenge, where you're saying, like, hey, look, you got the right factors. You just crunched them wrong. My sentence is too high. Like, what more would you need to say? Totally agree with that. But I think this points up a problem, maybe, in our precedent. I think it's weird that this consideration of an impermissible factor is a substantive reasonableness issue. You know, I think, in fact, that's what our precedent suggests. We've got something of a split. But I think the earlier decided of the cases suggests that it's substantive. That seems bizarre to me, frankly, because to Judge Luck's point, this is the sort of error you considered the wrong stuff that you should put the district court on clear notice of. Well, Your Honor, I believe that the line of cases holding that it's substantive error is based on the idea that a sentence based on an impermissible factor doesn't achieve the purposes of 3355 — 3353 — 3553A. I'm sorry, Your Honor. I stumbled over that. Yeah, no, no, no. It's — I guess, like, it just seems weird to me. Like, Gall is the sort of creates this, and there's this passage in Gall that says, you know, procedural errors include things such as — and then it gives a list. And one of those, of course, as you know, is failing to consider the 3553As. Isn't this like that? Isn't the consideration of an impermissible factor really just the flip side of the — of the failure to consider the correct factors? It's just so weird to me that one is deemed properly, I think, procedural, and the other, strangely, is considered substantive. Your Honor, I see what you're saying, how it can be viewed that way. However, this Court's precedent has always viewed this as a substantive reasonableness claim, including an en banc decision in Irie. There's no doubt that on our case law, it's substantive. I guess what I'm trying to understand is there's a Holguin error, which is the error, I think, that Judge Newsom described well, which is the whole package is just too long, and you — it's just — it's so wrong that it needs to be reviewed under a very deferential standard. But then there are other errors that we've identified within this package of substantive reasonableness that Holguin doesn't address, right? Yes, Your Honor. That's why we're here. So what I want to know is, why would we treat those errors, the ones identified in Irie, that are not just the total package issue, but the specific of you considered a particular improper factor, why would we treat that different than every other sentencing error where we've said that there needs to be a clear and articulable objection? I think there are a couple of reasons, Your Honor, at least I have a couple of responses to that. First of all, with substantive reasonableness claims, you have a situation where the Court is announcing its sentence and that he's already considered all these factors. It's not a procedural reasonableness claim where the Court could go back and say, well, I made this guideline error, however, you know, I would have imposed the same sentence, or let's go back and fix that in this Court. But why is that not true of an impermissible factor argument? So, your Honor, objection, you considered in your discussion of the sentence immigration consequences, and you're not allowed to do that, just giving an example. And, you know, counsel, you are absolutely right, and I want the record to be clear that while I did say that, even if without considering that, I still think this would be a reasonable sentence for A, B, and C. You would agree that would not be reviewable, right? Your Honor, I believe that that's kind of the problem, is that it would allow the Court to kind of artificially fix its errors in front of it. We don't treat district court judges like in the way that you're describing them. I mean, they make errors all the time, and they tell us what those errors mean. That's the whole concept of plain error and harmless error review. We have a whole line of cases, Mathenia, which says that a district judge can say, even if I'm wrong on the guideline calculation, I still would have given the same sentence, under the theory that a judge is an adult, and is an adult invested with a lot of responsibility, and that they know best on how they would have weighed and judged the factors, even considering an error. Why is this not the exact same situation? Sure, Your Honor. And I think one thing that is different about this case than Holguin specifically is there it was preserved just by arguing for a longer sentence. Here, when the sentence was imposed, defense counsel did object to the substantive reasonableness, and I think the court could have inquired if there was a specific objection, and then maybe she could have made it. Yeah, but we don't square that with Jones. I mean, I know you're an experienced practitioner. In Jones, you know we've said long ago in an en banc opinion that it's incumbent on the judge to ask for the specific errors at the end, and for counsel to articulate those at the end, what those are, to avoid this exact situation. I'm sorry, Your Honor. I didn't mean to catch you off. But I think, given the court's opinion about it, counsel was entitled to rely on the fact that a substantive reasonableness error would be preserved just by that objection, Your Honor. I have nothing else. Okay. Very well. Thank you so much. And you've got your full rebuttal time remaining. Thank you. All right. Mr. Mindell, let's hear from you. Good morning. May it please the Court. For the reasons the Court's questions have already indicated, plain error review applies to both of Mr. Batson's claims. Since the questions seem to be focused on the substantive reasonableness claim, I'll start there. Well, can I ask this more basic question? We didn't get to. We sort of assumed it with your opposing counsel. And she can address in rebuttal. But was there even an improper factor error here? No, Your Honor. Tell me why not. There's no improper factor error, because to show an improper factor, the defendant needs to show that the court gave significant weight to this so-called improper factor. The record here shows a district court pondering or musing, wondering, I think, is the specific word that the district court used, whether or how his sentence might affect how the state would go forward. Let me give you a hypothetical. So if we all agree that having considered immigration consequences as part of the sentence would be an improper factor, right? Yes, Your Honor. Meaning you are not a citizen of this country, and therefore I am sentencing you to X. We all agree that's improper, right? Yes, Your Honor. Okay. So if in the course of the sentencing, out of a matter of curiosity, a district court judge said, counsel for the government, what's the citizenship status of the defendant here? And counsel for the government said, you know what, Your Honor, I'm just not sure. You know, counsel for the defense, what's the immigration status? You know, judge, I just don't know. Okay. And then moves on to sentencing. Would we say that that would be an improper consideration of an improper factor? No, Your Honor. And I think it's helpful in this regard to look at the plate case that Mr. Batson cites in his opening brief, where the district court specifically said on the record, I would give you a probation sentence if you were able to pay back this restitution. But because I can see that you're not going to be able to pay it back, I have to sentence you to imprisonment. If your friends and family get together and pay off the restitution, I'll switch your sentence to probation. In other words, there's an explicit statement by the court that it was considering the improper factor. Exactly, Your Honor, because this is still within the framework of the standard of view, which is, under the totality of the circumstances, is the court left with the definite and firm conviction that the district court committed clear error of judgment? And so you need a record like that that shows the district court relying on this factor and it making a difference in the sentence. Here, there's no indication that the district court had an opinion one way or the other about how his sentence might affect it. He asked the question. The defense counsel says, I don't know, Your Honor. And he says, okay. And so there's no indication he relied on it at all. Certainly no indication that it was a determinative or significant factor in the sentence. In other words, if he had said, based on everything I heard today, my sentence is going to be X, Y, and Z, right? He just said, I think it's in other words, okay. I know, but I'm saying if the district court had said, based on everything I've heard today and having considered it, I sentence the defendant to X, Y, and Z, that would be a lot closer of a case, wouldn't it? It certainly would be, Your Honor. I still don't think it would get across the line of the defendant's burden of showing that this musing became a factor. In other words, if the court had said, I know that if I give you a long sentence, it's going to convince the State not to move forward. Don't you agree, defense counsel? Yes, Your Honor. All right, then. Well, based on everything I've heard today. But here, there's not even a conclusion to the pondering. It's really just a hypothetical that's raised. Okay. Although, I guess in fairness, I mean, like, it does occupy a lot of the transcript. I mean, it seems to me to occupy as much of the transcript as the, as consideration of the proper factors in the totality. Well, Your Honor, it's a very short transcript. So perhaps as a number of lines, it might be as much, but it's not very much on its own. It's, I think it's maybe five or six lines and then a question. But it's not unusual in sentencing hearings, other hearings, even these oral arguments, for courts and parties to discuss issues and hypotheticals that aren't ultimately relevant to the outcome. And the idea of the court merely mentioning it or asking a question about it shows that he gave significant weight in determining the sentence isn't, isn't consistent with this court's precedent. It would really have a chilling effect on the ability of district courts to have open dialogue. So let's assume I disagree with you and agree with your opposing counsel that it, it was considered as an improper factor. All right, so let's get to the next step. Why is your opposing counsel wrong when we have said in at least a dozen published opinions that I could count, including Iree and Onbonk published opinion, that really is, I think, the seminal substantive reasonableness case of, of our circuit. When, when we have said time and again that, quote, substantive reasonableness is reviewed for an abuse of discretion for A, B, and C, B being the improper factor. For as a shorthand, an attorney to say, your honor, I object on substantive reasonableness grounds. Does that shorthand, in other words, bring up that, those three things that are in at least a dozen of our published opinions, including an Onbonk opinion of this Court? No, your honor. That gives the district court no notice of the specific error that the, that the defendant is trying to alert the court to. And I'd point this court to, there's a published opinion. It's not in our brief, but United States v. Carpenter from 2015. The citation is 803 Federal 3rd 1224, where this court held in this specific context, where the, at the end of the sentencing hearing, the defense counsel gets up and says, oh, we object to the substantive procedural reasonableness. This, this kind of boilerplate language we see at every hearing. And what the court said was, quote, a sweeping general objection is insufficient to preserve specific sentencing issues for review. Does it matter in Carpenter, I'm familiar with Carpenter. Does it matter that Carpenter was a, was about the, the, the conditions of supervised release, which really do require specificity different and apart from this sort of shorthand that we've created for substantive reasonableness in our case law? I don't think so, your honor, because I read, whether they should be specific, you know, substantive reasonableness claims or not, they are under I read and, and they're different. They're very different to, to tell the court this is greater than necessary, which is the the district court imposes a longer sentence, does not make a specific objection. It goes up to the Supreme Court. And what the Supreme Court recognizes is that under Rule 51b, there's two different ways to preserve a claim of error. There's the specific objection, but there's also asking the court to do the thing that the court refuses to do. And so Hogan-Hernandez stands for the proposition that if you have asked the court to impose a lower sentence and the court refuses, you don't then separately have to say, oh, in your honor, I object to the length of the sentence. You have informed the court that you view the lower, the lower number as, as reasonable. But the court, the Supreme Court said, we're only reaching the question of is it enough to preserve the greater than necessary. And I think it's the final paragraph of the holding specifically disclaims any holding as to when a party has properly preserved the right to make particular arguments supporting its claim. And so it leaves undisturbed this court's long precedent that if you have a specific objection, you need to tell it to the district court. Because what it has to do is give the district court opportunity to correct the error or explain it. The, the obvious outcome here would have been your honor. We don't think you should consider that factor. Can I ask you a question? In an improper factor case, so like a clear as day one, you know, a court considering an immigration status, you know, you're not a citizen of this country. I'm therefore increasing your sentence by, you know, ten years otherwise. A clear as day one. Do we send that back to the same judge and just tell that judge to not consider that factor? Or do we send the case to a different district court judge? I think in the first instance it should go back to the same judge. No, no, I'm, I know what you think. I'm asking what we actually do. Your honor, my understanding is unless there is a reason to think that the, that the district court would not or could not be expected to comply with this court's order, that there's such an appearance of bias, there's not a basis to send it back to a district, a different district court. So in other words, your understanding of our case law is we just send it back. It's an, it's a regular sort of error. We send it back to the district court judge. Under the assumption that the judge is able to put aside that factor and be able to give a sentence despite the consideration of that factor. That's right, your honor. And so in, in, in the Plait case, it was not. It was sent back to a different judge. But in part it was because of the procedural posture. That's the, that's why I asked the question. Yes, your honor. In that case, it had been remanded once back to the same district court judge. I think with the expectation that he would notice, I'm not supposed to do this. The, the district court judge doubled down, said no, I'm absolutely relying on this improper factor. And so then when it went back up a second time, this court viewed in the totality that, that it, there was at least the appearance of, of, of bias in that case. Here I don't think there's a, there, there's not a record sufficient to, to make that. Let me, let me ask you a question, just going back to a question that Judge Luck raised. So if, if Holguin doesn't, as you say in the last paragraph, sort of brackets the issue, doesn't decide sort of how it is that what, what I guess I'll call sort of like one specific stripe of substantive reasonableness challenge ought to be preserved. Why would we think that given everything we've said, as Judge Luck said, you know, just sort of lumping in this impermissible factor, I, frankly, I think wrongly. But lumping it into substantive reasonableness, sort of like writ large, without further explanation, why would we think that defense counsel all over the circuit wouldn't think that this sort of, you know, sort of pro forma challenge would be sufficient? Well, I don't think it matters what defense counsel thinks, Your Honor. It matters what would the district court be on notice of. And any time there is a, an error that is a, a category and has multiple components, the idea that just saying that the top level category, I'm not sure, Your Honor, how that would be different than, than an argument that saying procedural reasonableness puts the district court on notice of all the different types of procedural reasonableness. Once substantive reasonableness means more than one thing, and, and I read tells us it does, whether we like it or not, it's not sufficiently specific. It's still too general and it's too vague to tell the court, what have I not done? Because ordinarily the, the run of the male substantive reasonableness claim is the sentence is too long. And every defendant thinks that in, in virtually every case. So let me ask you this. Is this just a downstream, an unfortunate downstream byproduct of us and maybe others having mischaracterized an impermissible fact or objection in the first instance? It's weird. And so like now we're having to like reverse engineer this whole substantive reasonableness thing to account for a misstep that occurred years ago. What this really is, is the procedural reasonableness challenge. And a substantive reasonableness challenge is a Hogan challenge. One that is like, hey, look, you got the right factors, but you did it wrong. You know, sort of you did it wrong, you came out with the, the output is wrong. Not that the inputs were wrong, the output is wrong. It just seems like a lot of gymnastics to like fix a problem that maybe we ourselves created. It may be, Your Honor. And certainly numerous panels of this Court, notwithstanding Iree, have described this exact claim as a procedural error. In the first footnote in our brief, we point out the Alberts case, which is a published case from 2017, which describes an impermissible factor error as procedural. Now, obviously, that can't displace Iree, but it does reflect the fact that, notwithstanding Iree, it is a, it is a strange possibility. But doesn't Hogan acknowledge whatever we've said elsewhere, acknowledge that there is gap between the kind of objection there and other kinds of substantive reasonableness objections? I like the way that Judge Newsom put it, a stripe of substantive reasonableness. And the quote at the end there that, that Judge Newsom is talking about is, the Court left open, quote, when a party has properly preserved the right to make a particular, to make particular arguments supporting its claim that a sentence is of reasonably long. In other words, there is particular arguments within sort of the umbrella that the Supreme Court explicitly left open. Doesn't that mean that there is something that is, that can be objected to specifically on substantive grounds that isn't exactly what was done in Holwin? That, that's certainly a fair inference, Your Honor. And that's why we think, even in the context of Iree, and even if we certainly have to concede for the purposes of this appeal that this is a substantive reasonableness claim, it's still not preserved just by saying the word substantive reasonableness. There are. Yeah. So I don't mean to get too philosophical about this, but I guess I understand that at that level of abstraction, everything is a substantive reasonableness challenge. Because everything, if it doesn't affect the sentence, who cares? Who cares? And so, like, I mean, if what Holwin really means is that there are stripes of substantive reasonableness, then it strikes me that the very things that the court in Gall described as procedural reasonableness challenges are, in fact, substantive reasonableness challenges. There's just, like, sort of no real distinction between the two. I don't know. It just feels like we're making this stuff up. Well, I'm certainly not going to tell you that, Your Honor. But I do think, if nothing else, it makes clear why a district court needs to be given specific objections so that he can either correct the error or give further explanation for why he's not going to change his position. And in this case, defense counsel's failure to make that objection deprived the district court of that opportunity. And that's why plain errors is the proper standard for review. And under the third prong, there's nothing in this record by which he can show that these alleged errors resulted in a longer sentence. If there are no further questions, we ask that Mr. Batson sentence be affirmed. Thank you. Thank you. All right. Ms. Strickland, you've got five minutes. Thank you, Your Honor. I just want to touch on a few things that you discussed with the government. First of all, you know, I have to take issue with the government statement that it does not matter what defense counsel thinks they need to do to preserve this error. You know, defense counsel has to be able to rely on this court's precedent to, you know, operate in court and specifically to preserve their claims. And this court has repeatedly held that this is a substantive reasonableness claim and that substantive reasonableness claims are preserved by an objection at the end to substantive reasonableness. Counsel, I think what your opposing counsel is saying, as I understood it, was that the way our standard reads for objections in general is it needs to put the district court on notice. It needs to be clear enough to put them on notice. So to the extent we look, we look at what specificity was given to put the district court on notice of the specific error. I think that's what your opposing counsel is stating. Can you address for me the issue of whether this was an error at all? Whether it was an error at all? Yeah. In other words, did the district court actually consider this as an improper factor rather than just sort of ponder it? Oh, absolutely, Your Honor. I think it's fairly disingenuous to say that it's just a pondering or a musing when it is the only thing that the district court discussed when it was time to impose the sentence. Well, I'm the one who suggested it, so maybe I'm being disingenuous, but go ahead. Okay. Sorry, Your Honor. It is the only thing that the district court discussed when it was time to impose the sentence. It was at the forefront of the district court's mind, and you can see that from the record. After getting through the preliminary things about this revocation, the first thing the court asked is about the Gwinnett County bond. He's already thinking about what is happening in Gwinnett County. And then when it comes time to actually announce the sentence, he doesn't touch on any of the 3553A factors. He doesn't mention anything other than what is going on in Gwinnett County. Well, that's — I think that's why I asked the question, however we characterize it. I guess I'm somewhat sympathetic here. I, too, served as a state trial court judge, and I can't help but thinking sometimes about how this plays out as it's going. And so a district court sort of asking, hey, do you know what's going to happen with this guy there, what the status of that case is? Government, no, not really. Defense, not really. Okay. And then he then goes on to say — he does not say, having considered the arguments of the parties and of counsel, he doesn't say, I've considered anything. Now, that's a separate error, but that's wrong. But he doesn't say that, based on everything I've heard or based on the fact that he likely will get a sentence of X in Gwinnett County, I'm going to sentence him to Y or Z. I think that's where I'm wondering of, how are we going to assume that a district court considered an improper factor when every case that I've seen, including the one that your opposing counsel has pointed to, is where the district court explicitly states, I am giving you this sentence because of improper factor X, Y, or Z? Your Honor, I agree with your general proposition that sometimes there are musings in court that don't go to the sentence. But here, where it is the only thing he talked about in imposing the sentence, and then he says explicitly that if I give him a low sentence, Gwinnett might proceed, and if I give him a higher sentence, they might not proceed. And then he proceeds to give him a sentence that is above the guidelines and above what any of the parties have recommended. So I think that's as close as you can get to being explicit without just saying that this is what my sentence is based on. The transcript is brief. Your opposing counsel is correct in describing it. But the district court does seem to be fairly outraged by the allegations, by what was admitted here as the supervised release violations. He makes the comment about the gong. So it's pretty clear to me that he's already going into this very frustrated with the disregard of supervised release conditions by this particular defendant, and then muses about what's going to happen at State court, and then says, okay, and then finds a violation and imposes the sentence. I'm just — I'm having trouble assuming from that, because that's what we're doing. We're assuming from that short discussion that he, in fact, imposed the sentence, not because he thought that this was really serious conduct, but because of the improper factor. Your Honor, I don't believe it's just an assumption. I believe it's looking at the record as a whole. And I agree that he does make this comment about banging the gong, and maybe that goes to the seriousness of the offense. But it is one single, isolated comment, whereas he then goes to, at length, discuss what is happening in Gwinnett, and then, as I said, directly says, high or low, what's Gwinnett going to do? I'm going to go high, and imposes the sentence above what anyone had asked for. I did, just with my remaining time, I don't think I was able to quite point the Court to the plain error case that I would like to point to. It's CARER. It's 719 Federal Appendix 942. That was a TAPIA error that this Court has viewed as procedural reasonableness error. But there, the Court still found plain error because it was the only reason the Court gave in pronouncing the sentence, and the Court did not discuss the 3553A factors or reemphasize those factors in imposing the sentence. And so there, the Court found a reasonable probability that but for that error, the sentence would have been different, and I think the same applies here, Your Honor. Thank you very much, Ms. Strickland, and I note that you were court appointed, and we certainly appreciate your service to your client and to the Court. Thank you, Your Honor.